[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS MOTIONS TO STRIKE
SECTION I
The plaintiffs, Valerie and Ira Blonder, filed a fifteen count complaint against Julia A. and R. Brad Heath and American Home Builders, Inc. (hereinafter "AHB") returnable CT Page 1696 February 6, 1990 in the Judicial District of Middlesex alleging that the defendants failed to satisfactorily construct a new home and barn on property the plaintiffs owned in Hebron. The plaintiffs alleged in Counts One through Five and Count Eight, respectively, abandonment of contract, fraud, violations of the express and implied warranties provisions of the New Home Warranties Act, and CUTPA violations against AHB. The plaintiffs alleged in Counts Six and Seven violations of the express and implied warranties provisions of the New Home Warranties Act against Julia A. and R. Brad Heath, and in Counts Nine and Fourteen breach of contract, abandonment of contract, fraud, violations of the express and implied warranties of the New Home Warranties Act against R. Brad Heath personally due to his exercise of "complete domination of finances, policy and business practices" of AHB. The plaintiffs also alleged in Count Fifteen that Julia A. Heath conspired with AHB and R. Brad Heath to defraud creditors by accepting fraudulent conveyances and transfers of assets from AHB and R. Brad Heath.
The defendants R. Brad Heath and Julia A. Heath moved to dismiss Counts Six and Seven regarding violations of the New Home Warranties Act and Count Fifteen against Julia A. Heath regarding the fraudulent conveyance of assets. The defendants argued that the Court lacked subject matter jurisdiction in that the plaintiff's claims were based solely upon alleged statutory causes of action and the plaintiffs do not come within the purview of the statutes because the plaintiffs were not "purchasers" within the meaning of the New Home Warranties Act. AHB moved to dismiss Counts Four and Five for the reason cited above, and to dismiss Counts One through Five and Count Eight citing another action pending between the same parties for substantially the same cause of action in the Tolland Judicial District.
By Memorandum of Decision filed June 4, 1990, the Court, Higgins, J., denied the defendants' motions to dismiss on the ground that the defendants' challenge to the court's jurisdiction was actually an assertion of legal insufficiency which should be raised in a motion to strike. The Court also found that the action pending in the Judicial District of Tolland was not brought to obtain the same end or object as the instant action. The court ordered this action transferred to the Judicial District of Tolland to be consolidated with the aforementioned action between these parties.
By papers filed on July 9, 1990, the defendants R. Brad Heath and Julia A. Heath moved to strike the Sixth and CT Page 1697 Seventh Counts of the complaint. By separate motion, the defendant AHB sought to strike counts Four and Five of the complaint. The defendants filed a memorandum of law in support of their motions pursuant Conn. Practice Book Sec. 155. The plaintiffs filed a memorandum in opposition to the motion on July 17, 1990.
SECTION II — THE LAW AND ARGUMENT
A motion to strike challenges the legal sufficiency of a pleading. Conn. Practice Book Section 152 (rev'd to 1978, as updated October 1, 1989); see Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). A motion to strike admits all facts well-pleaded. Ferryman v. Groton, 212 Conn. 138, 142 (1989).
In ruling on a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44 (1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman, 212 Conn. at 146.
The defendants argue that Counts Four, Five, Six and Seven of the complaint allege purely statutory causes of action, namely, violations of Conn. Gen. Stat. Sec. 47-116
through 47-121 entitled New Home Warranties. The defendants contend that the New Home Warranties Act applies only to a situation in which a builder constructs a single family dwelling unit on land owned by him and conveys it to a purchaser, and does not apply to the situation in this case in which the owner of a house lot contracts with a contractor to build a single family dwelling unit on property already owned by him.
The plaintiffs argue that the Act is a remedial statute and therefore the operation and effect of the Act should not be limited by a narrow judicial construction and interpretation. The plaintiffs assert that the term "vendor" is defined in Conn. Gen. Stat. Sec. 47-116 as "[a]ny person engaged in fine business of erecting or creating an improvement on real estate . . .", not as any person engaged in the sale of real estate. The plaintiffs further argue that they are clearly part of the class of persons that the legislature seeks to protect and that they are "`purchasers' within the meaning and intention of the Act since they are the original buyers of a fee simple estate in real estate upon which the vendors/defendants erected an improvement." The plaintiffs conclude that "[t]he entire scope of the Act CT Page 1698 is to supplement the common law by allowing persons who have contracted for the construction of a new single family residence house to have recourse against the builder if the house is not constructed in accordance with the express and implied warranties set forth in the Act."
Conn. Gen. Stat. Sec. 47-116 provides as follows:
 Sec. 47-116. Definitions. As used in this chapter, unless the context otherwise requires: "Improvement" means any newly constructed single family dwelling unit, any conversion condominium unit being conveyed by the declarant and any fixture or structure which is made a part thereof at the time of construction or conversion by any building contractor, subcontractor or declarant "purchaser" means the original buyer, his heirs or designated representatives, of any improved real estate; "real estate" means any fee simple estate; and "vendor" means any person engaged in the business of erecting or creating an improvement on real estate, any declarant of a conversion condominium, or any person to whom a completed improvement has been granted for resale in the course of his business.
Section 47-116 clearly defines a "purchaser" as the "original buyer . . . of any improved real estate", and "real estate" as "any fee simple estate". The plaintiffs' complaint alleges that the plaintiffs and AHB "entered into a written contract under the terms of which the Defendant was to construct for the plaintiffs a house and barn located on their property known as 47 London Road, Hebron, Connecticut." (emphasis added). The plaintiffs may have contracted with AHB to have AHB construct an improvement upon the property that the plaintiffs already owned, but did not buy "improved real estate" or an improved "fee simple estate" from AHB in order to come within the definition "purchaser" in Section47-116.
Subsections (c) and (d) of Conn. Gen. Stat. Sec. 47-117
and subsections (d) and (e) of Section 47-118 support the contention that the New Home Warranties Act applies to situations where a builder constructs a single family dwelling on land owned by him and conveys it to a purchaser. Subsections (c) and (d) of Section 47-117 provide as follows:
 (c) No words in the contract of sale or the deed, nor merger of the contract of sale into such deed shall exclude or modify any express warranty made CT Page 1699 pursuant to subsection (a) of this section. Such warranty may, at any time after the execution of the contract of sale, be excluded or modified wholly or partially by any written instrument, signed by the purchaser, setting forth in detail the warranty to be excluded or modified, the consent of the purchaser to such exclusion or modification and the terms of the new agreement.
 (d) An express warranty shall terminate: (1) In the use of an improvement completed at the time of the delivery of the deed to the purchaser, whichever occurs first; and (2) in the case of an improvement not completed at the time of the delivery of the deed to the purchaser, one year after the date of the completion or one year after taking of possession by the purchaser, whichever occurs first.
Subsections (d) and (e) of Section 47-117 provide as follows:
 (d) Neither words in the contract of sale, nor the deed, nor merger of the contract of sale into the deed is effective to exclude or modify any implied warranty; provided, if the contract of sale pertains to an improvement then completed, an implied warranty may be excluded or modified wholly or partially by a written instrument, signed by the purchaser, setting forth in detail the warranty to be excluded or modified, the consent of the purchaser to exclusion or modification, and the terms of the new agreement with respect to it.
 (e) The implied warranties created in this section shall terminate: (1) In the case of an improvement completed at the time of the delivery of the deed to the purchaser, one year after the delivery or one year after taking of possession by the purchaser, whichever occurs first; and (2) in the case of an improvement not completed at the time of delivery of the deed to the purchaser, one year after the date of the completion or one year after taking of possession by the purchaser, whichever occurs first.
Both Conn. Gen. Stat. Sec. 41-117 and 47-118 clearly speak in terms of "deeds" and "contracts of sale" which would not be present at all in a case such as plaintiffs' where the plaintiffs already own the property upon which they have CT Page 1700 contracted with the defendants to build a house.
"In construing a statute the intent of the legislature is to be found not in what it meant to say, but in what it did say." Daily v. New Britain Machine Co., 200 Conn. 562,571 (1986). Thus, even if the plaintiffs' argument that they are part of the class of persons that the legislature seeks to protect is true, by the words of the Act the legislature has excluded those in the plaintiffs' situation from the definition of "purchaser" in Conn. Gen. Stat. Sec. 47-116. The defendants R. Brad Heath and Julia A. Heath's Motion to Strike Counts Six and Seven (Motion #127) and the defendant AHB's Motion to Strike Counts Four and Five (Motion #128) is granted.
JACKAWAY, J.